# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DURWIN EVANT BONDS, JR.,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:23CV00415 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **HAROLD W. CLARKE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

The petitioner, Durwin Evant Bonds, Jr., filed this action as a Petitioner for a Writ of Habeas Corpus under 28 U.S.C. § 2254, claiming that prison officials denied him due process during two separate disciplinary proceedings. These asserted habeas corpus claims are based on events that occurred in 2021 and 2022 at Augusta Correctional Center, a prison facility operated by the Virginia Department of Corrections (VDOC). In a separate motion seeking injunctive relief, Bonds complains that in 2023, after he was transferred to Red Onion State Prison and then to Wallens Ridge State Prison, he suffered inhuman living conditions, had meals withheld, was physically assaulted for a peaceful protest action, was mistreated for his physical disabilities, was sexually and physically degraded, had his personal property damaged, was sexually accosted by another inmate without officials imposing any consequence on the perpetrator, was physically assaulted by a different

inmate with officers' encouragement, was unfairly disciplined for spitting after another inmate had spit into his mouth, was denied grievance forms, had officers impair his ability to prepare and send legal mail, and was denied commissary food items because of his classification status.  As relief in this motion seeking injunctive relief, Bonds asks the court to order VDOC officials "to stop physically, mentally, emotionally, and psychologically abusing and/or assaulting [him] for exercising his rights."  Mot. Prelim. Inj. 1, ECF No. 6.  After review of the record, I will deny Bonds' motion.

The allegations in this motion are not appropriately raised in a § 2254 habeas petition.  Specifically, a motion like this one, complaining about conditions of confinement, is not challenging the fact or duration of the petitioner's imprisonment and, thus, is not properly before the court in this habeas action.[*]  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[*] Moreover, the current allegations do not present facts supporting the extraordinary remedy Bonds seeks, as he fails to show any irreparable harm he will suffer without court intervention.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (requiring party seeking interlocutory injunctive relief to show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest").

-3-

For the stated reason, it is hereby **ORDERED** that Bonds' motion seeking interlocutory injunctive relief, ECF No. 6, is DENIED.

    ENTER: November 2, 2023

    /s/ JAMES P. JONES
    Senior United States District Judge