CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 20, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DURWIN EVANT BONDS, JR.,** | |
| Petitioner, | Case No. 7:23CV00415 |
| v. | **OPINION** |
| **CHADWICK DOTSON, DIRECTOR,**[1] | JUDGE JAMES P. JONES |
| Respondent. | |

*Durwin Evant Bonds, Jr., Pro Se Petitioner; Richard C. Vorhis, Senior Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for the Respondent.*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming that prison officials denied him due process during two separate disciplinary proceedings in 2021 and 2022 at Augusta Correctional Center (ACC). Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted because Bonds' Petition is untimely filed as to one of his § 2254 claims and is unexhausted as to his remaining claim.

---

[1] Bonds named Harold C. Clarke as the respondent, since Clarke was Director of the Virginia Department of Corrections (VDOC) at that time. As of September 8, 2023, however, Chadwick Dotson became VDOC Director. Counsel for the respondent has asked that pursuant to Va. Code Ann. § 8.01-658(B)(1), the court should substitute Chadwick as the respondent in this habeas action. I will direct the Clerk to make this substitution on the court's docket. Fed. R. Civ. P.(d).

I. BACKGROUND

On August 11, 2021, an officer served a disciplinary charge against Bonds for using or attempting to use codes, signs, dress, or other outward manifestations of gang involvement or association. The officer indicated that Bonds could plead guilty to the charge and accept a fine of $3.00. Bonds refused the offer. Bonds alleges that the factual basis for this charge was his use of an abbreviation — ARR-UD, meaning "all rights reserved—under duress." Pet. 1, ECF No. 1. Bonds pleaded not guilty to the charge. After a disciplinary hearing on August 21, 2021, an officer found Bonds guilty of the charge and imposed a $3.00 fine, supervisory officials approved the finding, and the money was withdrawn from Bonds' inmate trust account.

On February 17, 2022,[2] an officer served a disciplinary charge against Bonds for threatening bodily harm to any person verbally by gesture or action or in writing. Bonds declined a penalty offer of a $15 fine. About a week later, Bonds raised due process concerns to the Institutional Hearing Officer (IHO). Allegedly in "retaliation," the IHO did not dismiss the charge and increased it to a Code 100/198D threatening to commit killing. The IHO conducted a hearing on this charge on March 7, 2022, found Bonds guilty of that charge, and penalized him

---

[2] The Petition lists the date of this charges as February 17, 2023, but later sentences in the same section refer to other incidents related to this charge as occurring in 2022. Therefore, I will assume that the 2023 date was inadvertent error and that the date of the charge was actually February 17, 2022.

with the loss of all earned good conduct time. The revised charge alleged that Bonds threatened to beat Officer Frazier to death with a broom or mop handle. The IHO denied Bonds' request to view the surveillance video footage, although Bonds claimed the footage would show that no cleaning supplies were available to him at the time of the alleged threat. The guilty finding and the penalty were upheld in disciplinary appeals. Bonds denies that he was in possession of any broom or mop handle when the alleged threat occurred. He also alleges that numerous prison officials failed to correct procedural issues related to this disciplinary conviction.

Bonds signed and dated his § 2254 petition on July 3, 2023, and I will consider that the date of filing.

## II. DISCUSSION.

### A. TIMELINESS OF CLAIM 1.

The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal filing period is tolled during the time when a properly filed state post-conviction proceeding is pending. 28 U.S.C. § 2244(d)(2).

I conclude that Bonds' Petition was untimely filed under § 2244(d)(1)(A) as to Claim 1. Under this section, a petitioner has one year from the date on which the challenged judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Bonds states that the final administrative decision related to this disciplinary charge occurred on December 10, 2021. Pet. ¶¶ 5-6, ECF No. 1. The federal habeas filing period under § 2244(d)(1)(A) thus began running on December 10, 2021. That period expired on December 12, 2022. Bonds signed and dated his § 2254 petition on July 3, 2023, seven months after his statutory period to file a federal habeas petition had elapsed. Thus, the petition is clearly untimely under § 2244(d)(1)(A).

If Bonds had filed any state court post-conviction actions concerning this disciplinary conviction, the limitation period under § 2244(d)(1)(A) would have been tolled. 28 U.S.C. § 2244(d)(2). The respondent's evidence indicates that

Bonds has not filed any state court actions about this disciplinary decision. Thus, he is not entitled to any tolling under § 2244(d)(2).[3]

Equitable tolling is available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party." *Rouse v. Lee*, 339 F .3d 238, 246 (4th Cir. 2003). A petitioner is "entitled to *equitable* tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When the failure to file a timely petition is a result of petitioner's own negligence or lack of diligence, equitable tolling is not appropriate. *Id.* at 419.

Bonds attempts to show reasons why he did not pursue state court actions regarding his disciplinary convictions. He generally mentions COVID-19 restrictions in prison and some transfers to different prisons that he underwent during the last two years. He does not, however, demonstrate that any of these hardships prevented him from pursuing state court habeas corpus actions regarding his disciplinary convictions within the time allotted by the applicable statute. Therefore, I find no grounds for equitable tolling. I will grant the Motion to Dismiss as to Claim 1.

---

[3] Bonds also fails to show that he is entitled to calculation of his limitation period under any other subsection of § 2244(d)(1).

## B. FAILURE TO EXHAUST AS TO CLAIM 2.

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Specifically, he "must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d. 584, 587 (E.D. Va. 2006). The petitioner bears the burden of proof to show that he has exhausted state court remedies. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

It is undisputed that Bonds failed to present his current claims concerning Claim 2 to the Supreme Court of Virginia, as required for exhaustion under § 2254(b). Therefore, he has failed to exhaust his available state court remedies as to the claims in his § 2254 petition regarding Claim 2.

## III. CONCLUSION.

For the stated reasons, I conclude that Bonds' Claim 1 in his § 2254 petition was not timely filed under any subsection of § 2244(d)(1). I also conclude that as

to Claim 2 of that Petition, Bonds failed to properly exhaust state court remedies as required under 28 U.S.C. § 2254(b).  I will dismiss Claim 2 without prejudice since the respondent has not demonstrated that Bonds has no available state court remedies as to this claim.

A separate Final Order will be entered herewith.

DATED:   September 20, 2024

/s/  JAMES P. JONES
Senior United States District Judge